UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THEODORE MALATESTA, *et al.*,

                        Plaintiffs,

        -against-                           **REPORT AND RECOMMENDATION**
                                                             23 CV 2521 (OEM) (CLP)

RECKITT BENCKISER LLC, *et al.*,

                        Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

        Plaintiffs Theodore Malatesta and Maria Gloria Pena commenced this action on April 3, 2023, alleging tort claims for injuries arising out of the use of a Lysol spray can. (ECF No. 1).

        On October 23, 2023, counsel for plaintiffs filed a Motion to Withdraw as Attorney, citing a breakdown in communication with the clients. (ECF No. 22). A conference was held on January 9, 2024, to address the motion, and the motion was granted on the record. (ECF No. 35). The Court gave plaintiffs until March 11, 2024, to find new counsel or else proceed *pro se*. (Id.) Plaintiffs did not find counsel by the deadline and so proceeded *pro se.*

        However, plaintiffs failed to appear at the next two scheduled Status Conferences before this Court, held on April 25, 2024 (see Minute Entry, dated 4/26/2024), and May 29, 2024 (see Minute Entry, dated 5/29/2024).

        On June 3, 2024, the Court received a letter from Mr. Malatesta and Ms. Pena, indicating that Gloria Pena is not a party in this action. (ECF No. 46). Therefore, on June 14, 2024, Ms. Pena was terminated as a party in this case. The letter also stated that Mr. Malatesta was not available for the conference on May 29, 2024, due to illness and he requested that the conference be rescheduled. (Id.)

On June 14, 2024, the Court scheduled a Status Conference for July 31, 2024. (ECF No. 49). The Court advised plaintiff Theodore Malatesta that, if he was unable to attend the conference, he, or someone acting on his behalf, should file a letter in advance so that it will be received by the Court prior to the conference, notifying the Court and indicating whether he would like to proceed with this case, and if so, when he believes he will be available for a conference. (Id.) In the Order, the Court warned plaintiff that if he failed to either appear at the conference or notify the Court in advance that he was unable to attend, the Court would issue a recommendation that the case be dismissed for failure to prosecute. (Id.)

Counsel for defendants Home Depot and Reckitt Benckiser LLC appeared for the July 31, 2024 Status Conference, but plaintiff Malatesta again failed to appear and the conference was adjourned. (See Minute Entry 7/31/2024). Neither plaintiff or anyone acting on his behalf notified the Court beforehand that he could not attend, nor has the Court heard from him in the two months since that conference.

## DISCUSSION

Plaintiffs are obligated to move their cases forward to trial, and if they "fail to do so in a reasonable manner," their "case may be dismissed with [or without] prejudice as a sanction for [their] unjustified conduct." West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). "Dismissal is warranted where[,]" as here, "there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." Id. Moreover, the law is "clear" that the district court "has the power to dismiss for failure to prosecute, on its own motion." Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978) (citing West v. Gilbert, 361 F.2d 314 (2d Cir. 1966), cert. denied, 385 U.S. 919 (1966)); see also Lewis v. Nationstar Mortg. LLC, No. 18 CV 3015, 2019 WL 11624580, at *1 (E.D.N.Y. Apr. 16, 2019), report and recommendation adopted, 2021 WL

103265 (E.D.N.Y. Jan. 11, 2021). The authority to dismiss a case *sua sponte* arises from a court's inherent power and is not limited by Rule 41 of the Federal Rules of Civil Procedure. <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630-31 (1962); <u>accord</u> <u>In re World Trade Center Disaster Site Litig.</u>, 722 F.3d 483, 487 (2d Cir. 2013).

Plaintiff has failed to move this case forward. Plaintiff has taken no action in the case nor contacted the Court since his June 3, 2024 letter, and has failed to appear for the last three conferences without notifying the Court beforehand. Plaintiff has ignored the Court and failed to prosecute this action.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice for failure to prosecute **unless the plaintiff or an attorney acting on his behalf contacts this Court within thirty (30) days of this Report and Recommendation and indicates an intention to pursue his claims**.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); <u>see also</u> Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. <u>See, e.g.</u>, <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008).

A copy of this Order will be mailed to plaintiff by the Court.

**SO ORDERED.**

Dated: Brooklyn, New York
October 7, 2024                    /s/ Cheryl L. Pollak
                                   Cheryl L. Pollak
                                   United States Magistrate Judge

3

                                              _____
                                              Eastern District of New York

# Federal Pro Se Legal Assistance Project

The Federal Pro Se Legal Assistance Project is a free service offered by the City Bar Justice Center of the New York City Bar Association.

### Who We Help:
- Self-represented (pro se) plaintiffs and defendants with civil cases in the U.S. District Court for the Eastern District of New York.
- Individuals thinking about filing a federal case pro se in the E.D.N.Y.
- *We cannot assist incarcerated litigants until they return to the community.*
- *We cannot assist with criminal matters.*

### Services We Provide:
- <u>Limited-scope legal counseling</u> by an attorney. "Limited-scope" assistance means that the Project attorney cannot take your case for representation. After you meet with us, you will still act as your own lawyer on your case.
- Explaining federal court procedures and rules involved in your case.
- Advising you about potential federal claims before you file a lawsuit.
- Advice on drafts of court papers.
- Providing referrals to legal, governmental, and social services.

### How to Get Free Legal Help:
- Walk-in consultation hours:
    - Mondays from 1:00 p.m. – 3:00 p.m.
    - Wednesdays from 1:00 p.m. – 3:00 p.m.

- Scheduled consultation hours (*please call for an appointment*).

- Please leave a voicemail at 212.382.4729; or
- Complete our intake form at https://www.citybarjusticecenter.org/fedpro/intake on your phone or computer.



Federal Pro Se Legal Assistance Project
c/o U.S. District Court, E.D.N.Y.
225 Cadman Plaza East, Room 108N
Brooklyn, NY 11201
(212) 382-4729
www.citybarjusticecenter.org

*Nov. 10, 2022*